N. K. FAIRBANK CO. v. LUCKEL, KING & CAKE SOAP CO.

(Circuit Court of Appeals, Ninth Circuit. June 2, 1902.)

No. 732.

1. TRADE-MARK—INFRINGEMENT—INJUNCTION—ACCOUNTING—LACHES.

Where, in a suit to restrain the infringement of a trade-mark, the complainant has been guilty of laches in asserting his rights, he is not entitled to an accounting for past profits, although on the whole case the court may deem it proper to grant an injunction to prevent future infringement.

2. SAME—PROFITS PENDING THE SUIT.

Where, in a suit to restrain the infringement of a trade-mark, complainant, because of laches, is not entitled to an accounting for past profits, and the evidence does not disclose that the trade-mark was infringed after the filing of the bill of complaint by the sale of more than one or two small packages, a decree granting an injunction to restrain future infringement and denying an accounting gives to complainant substantially all the relief he is entitled to.

Appeal from the Circuit Court of the United States for the District of Oregon. For opinion below, see 88 Fed. 694.

Archibald Cox and William Muir, for appellant.

Cake & Cake, for appellee.

Before ROSS, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge. This is a suit in equity to restrain the infringement of the trade-mark or trade-name "Gold Dust" used to designate a washing powder manufactured and sold by the complainant. The bill also prays for an accounting of the gains and profits which accrued to the defendant from the use by him of the alleged infringing trade-mark or trade-name. The circuit court entered a decree in favor of the complainant, granting the injunction, but denied the prayer for an accounting, upon the ground of complainant's laches. The complainant has appealed from so much of the decree as denied its right to an accounting. The appellant claims that notwithstanding its delay in seeking the relief prayed for in the bill of complaint, having obtained a decree against appellee for an injunction, it was entitled to the further order for an accounting as a matter of course, and particularly as to the gains and profits made by appellee's acts of infringement intermediate the time of the filing of the bill of complaint and the date of the decree. In answer to this contention it is sufficient to say that it was held by the supreme court in the case of McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828, that in a suit like this a complainant who has been guilty of laches in asserting his rights is not entitled to an accounting for past profits, although upon the whole case the court might deem it proper to grant an injunction to prevent future infringement; and, as to the appellant's right to an accounting for profits realized by appellee after the filing of the bill of complaint, the record does not disclose that appellant's trade-name was infringed after that date by the sale of more than one or two small packages of washing powder under the infringing name of "Gold Drop Washing Powder." Upon this state of facts it cannot be said that the injunction against future infringement does not give the appellant substantially all the relief to which it is entitled.

The decree of the circuit court is affirmed.